## COTTAM v. OREGON SHORT LINE R. CO.

No. 3355.   Decided December 3, 1919.   (187 Pac. 827.)

1. EVIDENCE—WITNESSES COMPETENT TO TESTIFY REGARDING VALUE OF AUTOMOBILE. Witnesses with experience in repairing and dealing in secondhand automobiles, and some of whom had previously negotiated with plaintiff with a view to buying his machine, *held* competent to testify regarding the value of plaintiff's automobile.   (Page 333.)

2. RAILROADS—FAILURE TO LOOK NOT CAUSE OF CROSSING ACCIDENT. Where plaintiff's automobile, stalled on the tracks by reason of a defective crossing, was struck by an engine driven without lookout, his failure to look and listen before going on the track cannot be held to have been the cause of the injury.   (Page 334.)

3. RAILROADS—DUTY TO LOOK AND LISTEN RECIPROCAL. Person

operating a railroad engine and an automobile driver attempting to use a railroad crossing have a reciprocal duty to look and listen.[1]   (Page 334.)

Appeal from District Court, First District, Box Elder County; *J. D. Call*, Judge.

Action by James Cottam against the Oregon Short Line Railroad Company.

Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Geo. H. Smith, J. V. Lyle,* and *R. B. Porter,* all of Salt Lake City, for appellant.

*Wedgwood, Irvine & Thurman,* of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff seeks by this action to recover damages for an injury to an automobile alleged to have been caused by the negligence of defendant. The acts of negligence claimed were: A defective crossing, failure on the part of the operators of defendant's cars to keep any lookout in approaching a crossing, and negligently permitting the engine to approach such crossing at a dangerous and reckless speed without having the same under proper or any control. The defendant denied the negligence and pleaded affirmatively contributory negligence on the part of plaintiff. The jury returned a verdict in favor of plaintiff. Defendant appeals.

Errors are assigned respecting the admission of testimony,

---

[1] *Olsen* v. *O. S. L. & U. N. Ry. Co.*, 9 Utah, 129, 83 Pac. 623; *Wilkinson* v. *O. S. L. R. Co.*, 35 Utah, 110, 99 Pac. 466; *Malizia* v. *O. S. L. R. Co.*, 178 Pac. 756; *Shortino* v. *S. L. & U. Ry. Co.*, 174 Pac. 860.

the giving of certain instructions, and the refusal to give other instructions requested.

The accident occurred in a street crossing in Brigham City, Box Elder county, this state. It appears that the tracks of defendant's railroad intersect at right angles Forest street, a street running west from the center of said city to its western limits and continuing thence on as a highway to numerous smaller towns and a large farming community in the northern and western part of that county. The street in question is used, not only by the people of Brigham City in going to and from the passenger depot, but by the residents of the smaller towns and the farming community in coming to Brigham City and in traveling from that city to the larger centers of population located south of Brigham City. The passenger depot of the defendant company is located just east of the main track and south of Forest street, and east of said depot some thirty or forty feet is located another track, referred to in the record as the ''house track.'' The accident happened on the last-named track at the place where Forest street crosses that track. The freight depot of defendant is located some distance north of the street in question on the house track. The switchyard of defendant company is north of Forest street and west of the freight depot. The so-called house track is used for loading and unloading freight and is connected with the main track by a line running diagonally in a southeasterly and northwesterly direction. This connecting line comes into the house track some forty or fifty feet north of the center of Forest street, the place of the accident. It also appears that there is a gradual slope westward from the main street of Brigham City for a distance of some four city blocks leading to the tracks of the defendant company. At the time plaintiff approached defendant's railroad, a passenger train was standing on the main track directly across Forest street. The distance from that track to the house track on that street is approximately sixty-five feet. On the morning of the accident, the plaintiff, in driving westward, disconnected the clutch of his automobile and permitted the machine to coast onto the track known as the house track. It is

claimed by plaintiff, and was so testified to by him, that by reason of a depression between the rails of this track the automobile stopped; that at that time he ascertained for the first time that the engine of his automobile was not operating; that after attempting to start the engine of the automobile by what is designated as a "self-starter," and which failed to respond, he got out of the automobile and attempted to push it off the track; that he was unable to do so. He testified that at about the time he reached the track he observed an engine attached to two cars coming from the main track toward the house track a distance of some 200 feet away; that the engineer of the approaching engine was sitting with his back toward the crossing and was looking in a northerly direction, and not observing whether any one was or was not on the track where it crosses Forest street; that, upon observing that the engineer was not looking in his direction, plaintiff attempted to give an alarm by loud calls; that the engine was within a few feet before the engineer turned around and observed the automobile on the track and after it was too late to stop the advance of the engine; that as a result it struck and damaged the automobile. It is true that the testimony of the engineer and his fireman is to a different state of facts. According to the testimony of the engineer, he approached this crossing on the house track from beyond the freight depot, and everything possible was done to stop the engine before it reached the place of the accident. That testimony presents a question of fact, and the jury having determined it adversely to the appellant, this court is not authorized to review the findings of the jury.

Some two or three witnesses testified on behalf of the plaintiff as to the value of the automobile at the time of the accident and after it was damaged. Those witnesses were called and testified as experts. The error claimed is that it was not shown that they were familiar with the value of automobiles such as plaintiff's, or that they were familiar with its condition at that particular time, and therefore ought not to have been permitted to testify as to its value. The witnesses, without exception, had been engaged in and had

had some experience with automobiles both in repairing and in dealing in secondhand automobiles. One or two of the witnesses so testifying had known this particular automobile and in the month of August of that year had had some negotiations with the plaintiff with a view of buying it. The weight of such testimony was a matter for the jury to consider and determine. The court did not err in overruling defendant's objection to that testimony.

It is strenuously insisted that, under the facts shown, it conclusively appears that the plaintiff was guilty of negligence on his part which caused the injury; that if he had looked and listened there was nothing to prevent him from seeing the approaching train, and, having failed to do so, he ought not be permitted to recover. The negligence claimed by the plaintiff is: First, that by reason of the defective crossing or depression between the rails of defendant's track he was prevented from crossing that track to the space between it and the main track; and, second, the defendant did not have its engine under control as it approached the crossing by reason of the fact that the operators failed to keep any lookout to see the condition of the track at the street crossing. It is insisted that by reason of these acts of negligence the injury resulted. Manifestly, nothing that the plaintiff could have done by looking and listening to see whether trains were approaching would have brought the depression in the track to his notice or cause him to anticipate that the engineer in charge of the engine would negligently drive his engine upon the crossing without keeping a proper lookout to see whether the way was clear. The jury were told in the court's ninth instruction that it was the duty of the plaintiff, in approaching the crossings and the track, to look and listen and to observe whether there was any train approaching, and that if he failed to do that, and an injury resulted from      **2, 3** such failure on his part, he was not entitled to recover. The jury were also instructed that it was likewise the duty of the employés of defendant company in approaching a crossing such as this was, to observe and keep a lookout as to whether there was any obstruction. That reciprocal duty on the part

of the plaintiff and defendant has been so repeatedly announced as the rule of conduct necessary by the operators of trains as well as people attempting to cross tracks that it may be said to have become elementary. *Olsen* v. *O. S. L. & U. N. Ry. Co.*, 9 Utah, 129, 33 Pac. 623; *Wilkinson* v. *O. S. L. R. Co.*, 35 Utah, 110, 99 Pac. 466; *Malizia* v. *O. S. L. R. Co.*, 53 Utah, 122, 178 Pac. 756; *Shortino* v. *S. L. & U. Ry. Co.*, 52 Utah, 476, 174 Pac. 860.

There is nothing in the record to bring this case within the principle laid down in the Shortino Case, supra. On the contrary, the plaintiff's testimony is to the effect that, if the automobile had not been stopped by the defect in the track, there was ample time for him to have gotten safely across, and also that, if the defendant had kept a proper lookout, the operators of the engine could have stopped the same before reaching the place of the accident.

The theory of the defense was fairly submitted to the jury, and, the jury having determined the facts upon disputed testimony, this court is powerless to review its findings.

There is no prejudicial error in the record.

The judgment is accordingly affirmed, with costs.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.